IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBEKAH H. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06cv01250 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

## UNITED STATES' MOTION TO DISMISS

DEFENDANT, the United States of America, moves under Fed. R. Civ. P. 12(b), to dismiss plaintiff's complaint.

As grounds for this motion, the United States submits that the Court lacks subject matter jurisdiction over the complaint.

A memorandum of points and authorities in support of this motion and a proposed order are submitted herewith.

DATE: September 18, 2006.        Respectfully submitted,

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC  20044
Phone/Fax:  (202) 307-6555/514-6866
Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
KENNETH L. WAINSTEIN
United States Attorney

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBEKAH H. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06cv01250 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF UNITED
STATES' MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1999, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes, "replevin of any and all property," and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

QUESTIONS PRESENTED

Plaintiff's complaint seeks damages for alleged "wrongful collection" of federal taxes from plaintiff. The complaint fails to allege that plaintiff has filed claim(s) for damages from "wrongful collection" of taxes. Does the Court have jurisdiction to entertain a suit for damages under these circumstances?

STATEMENT

1. <u>Introduction & background</u>.  Plaintiff, Rebekah H. Miller, filed this complaint on July 10, 2006.  The complaint alleges that in connection with the collection of federal tax beginning "with 'tax year' 1999[,]" "principals, officers, agents, and/or employees of the Internal Revenue Service ... disregarded ... provisions of Title 26 United States Code and the regulations promulgated thereunder with intent to defeat the application thereof ... ." (Compl. ¶ I.1.)<u>1</u>/

2. <u>Relief sought in the complaint</u>.  Plaintiff alleges that agents and employees of the Internal Revenue Service disregarded a laundry list of statutes from the Internal Revenue Code.  (Compl. ¶ IV, Counts 1-18.)  Plaintiff seeks damages in the amount of "$10,000 per disregard."<u>2</u>/  (Compl. Remedy Sought at A.)  Plaintiff also seeks "replevin of any and all property" <u>3</u>/ and an injunction preventing United States

---

<u>1</u>/  Plaintiff's case is one of more than 80 known cases filed in this Court with substantially similar complaints and/or allegations.

<u>2</u>/  Plaintiff also may be seeking declaratory relief.  (*See* Compl. Remedy Sought.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

<u>3</u>/  Plaintiff's replevin action is in reality an action seeking a refund of federal taxes.  Because plaintiff fails to allege that she filed an administrative claim for refund and fully paid the taxes owed, the Court lacks subject matter jurisdiction.  *See* 26 U.S.C. § 7422; *United States v. Dalm*, 494 U.S. 596, 601-602 (1990) (a claim for refund is necessary before filing a suit for a tax refund); *Flora v. United States*, 362 U.S. 145, 177 (1960) (payment in full is required before filing a suit for a tax refund).

Alternatively, if the Court treats plaintiff's replevin action as a tort action, the Court still lacks subject matter jurisdiction.  *See Mac'Avoy v. The Smithsonian Institution*, 757 F.Supp. 60, 67-68 (D.D.C. 1991) (Hogan).  The United States has waived its immunity to permit tort suits under the Federal Tort Claims Act (FTCA) (28 U.S.C. § 2675), and that waiver provides the exclusive remedy for claims of injury or loss of

employees from "further acting in disregard of law or regulation."4/  (Compl. Remedy Sought at B & D.)5/

## ARGUMENT

### THE COURT LACKS SUBJECT MATTER JURISDICTION OVER THE COMPLAINT, DUE TO PLAINTIFF'S FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES PRIOR TO FILING SUIT

Plaintiff attempts to state a claim for damages under 26 U.S.C. § 7433, and seeks damages.  (*See* Compl. generally.)  This Court does not have jurisdiction over plaintiff's section 7433 claim because she has failed to demonstrate that she filed an administrative claim for damages with the Internal Revenue Service.  The party bringing suit must show that the United States has unequivocally waived its sovereign immunity.  *McGuirl v. United States*, 360 F.Supp.2d 125, 128 (D.D.C. 2004) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936); *West v. F.A.A.*, 830 F.2d 1044, 1046 (9th Cir.

---

property arising or resulting from the negligent or wrongful acts of Government employees acting within the scope of their employment.  *See FDIC v. Meyer*, 510 U.S. 471 (1994).  But the FTCA also excludes jurisdiction for claims based upon an act or omission of a Government employee exercising due care in the execution of a statute of regulation and claims in respect of the assessment or collection of any tax.  *See* 28 U.S.C. § 2680.  A threshold jurisdiction requirement for such a suit is the filing of an administrative claim for damages with the relevant agency.  *See McNeil v. United States,* 508 U.S. 106 (1993); *Blakely v. United States,* 276 F.3d 853, 870 (6th Cir. 2002); *Mac'Avoy,* 757 F.Supp. at 67-68.  Plaintiff does not allege that she filed an administrative claim, thus the Court lacks subject matter jurisdiction over her replevin action.

    4/  Such injunctive relief is barred by the Anti-Injunction Act (26 U.S.C. § 7421). *See Foodservice & Lodging Institute, Inc. v. Reagan*, 809 F.2d 842, 844-45 (D.C. Cir. 1987).

    5/  Plaintiffs also may be seeking declaratory relief.  (*See* Compl. ¶ 34.)  If so, declaratory relief is barred by the Declaratory Judgment Act.  *See* 28 U.S.C. § 2201.

1987). Section 7433 of the Internal Revenue Code (26 U.S.C.) provides the predicates for the United States' waiver of sovereign immunity with respect to suits for wrongful collection actions. The Court lacks jurisdiction over plaintiff's claim because the predicates of section 7433 have not been met.

Under section 7433(a), prior to bringing a suit in federal district court for damages for the unauthorized collection of taxes, taxpayers must exhaust their administrative remedies. 26 U.S.C. § 7433(a). "A judgment for damages shall not be awarded under [7433] subsection (b) *unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service.*" 26 U.S.C. § 7433(d)(1) (emphasis added).

The Secretary of the Treasury has promulgated regulations governing the administrative claim for damages under section 7433. *See* 26 C.F.R. § 301.7433-1(e). The regulations provide that—

> *An administrative claim for the lesser of $1,000,000 ($100,000 in the case of negligence) or actual, direct economic damages, as defined in paragraph (b) of this section [7433] shall be sent in writing* to the Area Director, Attn: Compliance Technical Support Manager of the area in which the taxpayer currently resides.

26 C.F.R. § 301.7433-1(e)(1) (emphasis added). The taxpayer must send a written administrative claim for damages to the area director in the district in which the taxpayer lives and include the following: (1) the grounds for the claim; (2) a description of the injuries incurred by the taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred but that are reasonably foreseeable; and (4) the signature

of the taxpayer.  26 C.F.R. § 301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of jurisdiction.  *See Holt v. Davidson*, --- F.Supp.2d ---, 2006 WL 2106962 *3 (D.D.C. 2006); *McGuirl v. United States*, 360 F.Supp.2d at 128; *Venen v. United States*, 38 F.3d 100, 103 (3d Cir. 1994); *Conforte v. United States*, 979 F.2d 1375 (9th Cir. 1992).

    Here, plaintiff has not alleged that she filed a written claim with the area director which complies with the requirements of the regulations.  Instead, plaintiff asserts that she need not exhaust administrative remedies as the Internal Revenue Service has "articulate[d] a very clear position that [it] is unwilling to reconsider [.]" (Compl. ¶¶ II.2., III.6., IV.1. & 2.)6/  In support of this assertion, plaintiff attached various documents.  (Compl. Exs. A-G.)  Not one document purports to be a claim for damages under 26 U.S.C. § 7433 or a response by the Internal Revenue Service indicating that it had received and made a determination on a claim for damages under 26 U.S.C. § 7433.  Because plaintiff fails to assert that she attempted compliance with the regulation by submitting a valid administrative claim, the Internal Revenue Service cannot be said to have articulated a clear position that it will not consider any administrative claim for damages.  Therefore, plaintiff has not met her burden to allege adequately that the

---

    6/Plaintiff also states, in conclusory fashion, that "[a]dministrative claims which plaintiff filed with the Internal Revenue Service and the Secretary of the Treasury work to satisfy the requirement that a 'taxpayer' must exhaust administrative remedies[.]" (Compl. ¶ V.19.)  She then concludes by stating that "[e]ven assuming some minor defect in [her] administrative claim, requiring [her] to comply with obsolete regulations or to again pursue administrative remedies would amount to nothing more than futile re-exhaustion." (*Id.*)

United States has unequivocally waived its sovereign immunity. Because plaintiff has not met her burden to prove exhaustion of administrative remedies, this Court does not have jurisdiction over her section 7433 claim, and the Court should dismiss the complaint.

## CONCLUSION

Because the Court lacks jurisdiction over the complaint, the complaint should be dismissed.

DATE: September 18, 2006.   Respectfully submitted,

　　　　　　　　　　　　　　　　　　　 /s/ Jennifer L. Vozne　　　　　　　
　　　　　　　　　　　　　　　　　　JENNIFER L. VOZNE
　　　　　　　　　　　　　　　　　　Trial Attorney, Tax Division
　　　　　　　　　　　　　　　　　　U.S. Department of Justice
　　　　　　　　　　　　　　　　　　Post Office Box 227
　　　　　　　　　　　　　　　　　　Washington, DC  20044
　　　　　　　　　　　　　　　　　　Phone/Fax:  (202) 307-6555/514-6866
　　　　　　　　　　　　　　　　　　Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS, supporting MEMORANDUM, and proposed ORDER were caused to be served upon plaintiffs *pro se* on the 18th day of September, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Rebekah H. Miller
>*Plaintiff pro se*
>77 Mulberry Court
>Arden, NC 28704

/s/ Jennifer L. Vozne
JENNIFER L. VOZNE

1919924.1