RECEIVED
SEP 2 7 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| Rebekah H. Miller, | No. 1:06cv01250 (RMU) |
| Plaintiff, | RESPONSE TO MOTION TO DISMISS |
| v. | |
| UNITED STATES, | |
| Defendant. | |

### RESPONSE TO MOTION TO DISMISS

Plaintiff hereby responds:

Defendant has moved to dismiss the above captioned action for lack of subject matter jurisdiction. Defendant's motion fails for the following reasons:

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

Plaintiff has filed an administrative claim with the Internal Revenue Service, Area 4, Area Director, Baltimore, 31 Hopkins Plaza, Baltimore, MD 21202 Attn: Compliance Technical Support Manager. SEE EXHIBIT A

Plaintiff's administrative claim meets the requirements set forth in 26 USC §7433-1. Intransigence on the part of defendant's agency / agents caused a delay in the submittal of Plaintiff's administrative claim. Said claim would have been filed in May of 2006 but for the refusal of defendant's agency / agents to timely honor Plaintiff's Freedom of Information Act / Privacy Act requests. Plaintiff requested assessment records to be used as exhibits with said administrative claim. Defendant's agency / agents failed to produce the requested documentation.

Indeed, Plaintiff still awaits a response to one of the aforementioned requests, which was submitted more than one hundred–fifty (150) days ago. SEE EXHIBIT: B Plaintiff has an un-answered request pending with Defendant's agency, in which the assessment documentation is again requested; specifically, Plaintiff requested copies of any and all Form(s) 23C Assessment Certificates pertaining to Plaintiff. Plaintiff requested the same documentation from defendant's agency in 2004. Defendant's agency refused to produce the requested documentation.

Plaintiff faced the tolling of the statute of limitations with regard to filing the instant action, and was obstructed by the aforementioned unlawful failure to disclose on the part of defendant's agency / agents. Despite the fact that Plaintiff's administrative claim could be said to have been filed untimely, defendant has not been prejudiced in any way with regard to such timing which was induced by defendant's agency / agents.

Notwithstanding the fact that key exhibits are absent from Plaintiff's administrative claim, said claim satisfies all requirements of 26 USC §7433-1. Plaintiff's claim would have been filed timely and presented a more compelling argument, but such timely filing was obstructed by the failure to produce key documents on the part of defendant's agency / agents.

Defendant, by and through its agency, the Internal revenue Service, and agents thereof, are directly responsible for the timeliness of Plaintiff's administrative claim owing to their position of being in complete control over access to the records needed to develop such a claim. Defendant's agency is allowed twenty days in which to produce the records requested, yet has failed/refused to produce the requested records. Plaintiff has been requesting copies of Assessment Certificates from defendant's agency for more than two years, and has never received the requested documentation.

## COUNSEL ATTEMPTS TO MISLEAD / MISDIRECT THE COURT

Although Counsel submitted a relatively clean Motion to Dismiss to this Court, Counsel's Memorandum in Support of said motion is heavily laden with intentionally misleading language and false assertions.

1. Counsel falsely asserts that Plaintiff seeks damages for "wrongful collection" of [federal] taxes. The phrase "wrongful collection" appears in Counsels memorandum four (4) times.
   However, the aforementioned language is not found in Plaintiff's Complaint.
2. Counsel falsely asserts that Plaintiff seeks a refund of taxes.
3. Counsel falsely asserts that Plaintiff seeks an injunction against tax collection.
4. Counsel falsely asserts that Plaintiff seeks declaratory relief.

As shown above, Counsel has misrepresented and mischaracterized Plaintiff's complaint. All of the grounds Counsel alleges are frivolous. Defendant's motion fails on all grounds as follows:

Despite Counsel's copious references to "wrongful collection", Plaintiff's complaint contains no such language. Counsel is intentionally misrepresenting the instant action. Counsel's inference, via footnote, that the instant action should be dismissed for failure to file an administrative claim for refund under 26 U.S.C. §7422 is a misrepresentation of the instant action. Alternatively, Counsel seeks to infer that the Federal Tort Claims Act may somehow be applicable. Counsel is incorrect, and defendant's motion fails on both grounds. The instant action is a suit brought for damages under the provisions of 26 U.S.C. §7433-1, and the Federal Tort Claims Act is inapplicable. Counsel's attempts

to litigate via footnote aside, jurisdiction over the case at bar has been found under IRC §7433 by this Court, as Counsel is well aware. Jurisdiction under the Federal Tort Claims Act is uninvoked in this case, and Counsel's arguments for or against are irrelevant.

Plaintiff does not seek injunction against tax collection. Plaintiff does however seek injunctive relief from unlawful actions implemented against Plaintiff which involve exaction and the taking of property absent a procedurally proper assessment.

Two decisions of the 9th Circuit Court of Appeals are pertinent in their teachings regarding the case now before the Court. Huff v United States, 10 F. 3d 1440 (9th Cir. 1993) and Mulvania v U.S.214 BR (9th Cir 1997). Each of these 9th Cir. decisions make clear that in order to properly discharge his statutory obligation under 26 USC 6203 of the IRS Code and Sec.301.6203-1 of the Treasury Regulations, the Commissioner must issue to the requesting taxpayer a summary record of assessment (Form 23C) signed by a duly appointed assessment officer in order to properly validate an assessment of a tax. Although Plaintiff requested copies of the aforementioned procedurally proper assessment certificates, defendant's agency, defendant's agent, the Secretary and, or agents thereof, have either refused or failed to produce in every instance.

Plaintiff emphasizes to the Court that the decision in Huff and Mulvania (supra) also make abundantly clear that when the question of a properly validated assessment of tax is raised by a taxpayer, an important question of fact is presented to the Court which may not be brushed aside by way of a motion to dismiss or by way of summary judgment. Likewise, an allegation that the Internal Revenue Service has taken collection actions, and collected that which was un-assessed and, or without a procedurally proper assessment, is an allegation which must be heard by the trier of facts.

Absent an assessment, NO TAX EXISTS. Rosenman v. Commissioner, 323 US 658 (1945) (a tax does not exist absent an assessment). Thus, Plaintiff has shown that the replevin sought in the instant action concerns the return of property unlawfully taken, and is not related to Counsel's fictitious assertions regarding refunds.

As set forth above when the question of a properly validated assessment of tax is raised by a taxpayer, an important question of fact is presented to the Court which may not be cavalierly brushed aside by way of a motion to dismiss or summary judgment.

Counsel's inference that Plaintiff seeks declaratory relief is groundless and intentionally misleading. Plaintiff seeks trial by Jury as stated in Plaintiff's complaint.

Counsel's footnote assertion, if true, that: "Plaintiff's case is one of more than 80 known cases filed in this Court with substantially similar complaints and/or allegations." could be construed as an admission that defendant's agency is committing unlawful acts on a much larger scale than that which is presented in Plaintiff's complaint.

## DEFENDANT ADMITS ALL ALLEGATIONS IN COMPLAINT

Plaintiff respectfully directs the Court's attention to the following:

"For the purpose of a motion to dismiss, the material allegations of the complaint are taken as admitted. See, e.g., Walker Process Equipment Inc. v. Food Machinery and Chemical Corp., 382 U.S. 172, 174-175 (1965). And the complaint is to be liberally construed in favor of the plaintiff. See Fed. Rule Civ. Proc. 8(f); Conley v. [395 U.S. 422] Gibson 355 U.S. 41 (1957)."

Jenkins v. McKeithen, 395 U.S. 411, at 421-22

Thus, each of the eighteen counts alleging disregard of provisions of the Internal Revenue Code and regulations promulgated thereunder "are taken as admitted".

## CONCLUSION
## THE COURT RETAINS ITS JURISDICTION

Plaintiff, having exhausted administrative remedies within the purview of 26 U.S.C. §7433-1, to the extent allowed by the unlawful actions of defendant's agents / agency, has established that this Court has jurisdiction over the instant matter.

Defendant's motion to dismiss, having failed on all grounds, introducing material outside the complaint, being intentionally misleading, and deliberately misrepresenting the case at bar, should be dismissed.

Date: September 25, 2006             Respectfully submitted,

                                                          Rebekah H. Miller
                                                          c/o 77 Mulberry Court
                                                          Arden, North Carolina

## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing RESPONSE TO MOTION TO DISMISS and exhibits thereto were served upon Counsel for defendant on the 25th day of September, 2006, by USPS, addressed as follows:

Jennifer L. Vozne
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C. 20044

Date: September 25, 2006

                                                          Rebekah H. Miller