**Exhibit A**

# ADMINISTRATIVE CLAIM FOR DAMAGES

**IN ACCORDANCE WITH TITLE 26 §7433-1**

By: Rebekah H. Miller
c/o 77 Mulberry Court
Arden, North Carolina
Phone: (828) 687-0116

July 22nd, 2006

To: Area 4, Area Director, Baltimore
31 Hopkins Plaza,
Baltimore, MD 21202

Certified Mail No. 7003 3110 0005 2316 7696

Attn: Compliance Technical Support Manager

## I a
## INTRODUCTION

I. This Administrative Claim for damages is being brought by Rebekah H. Miller, hereinafter; Claimant, in accordance with 26 CFR § 301. 7433-1. Claimant has been damaged as a result of the actions of Internal Revenue Service officers, agents, and, or employees. Agents, officers, and, or employees of the Internal Revenue Service have, allegedly in connection with the collection of a federal tax, acted recklessly and, or intentionally and disregarded provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code.

II. Claimant continues to suffer damages as direct and proximate results of Internal Revenue agents, officers, and, or employees continual and ongoing reckless and intentional disregard for, and misapplication of, provisions of the Internal Revenue Code and regulations promulgated under the Internal Revenue Code, Title 26 U.S.C.

III. Claimant has exercised all measures within her means to mitigate damages.

**Exhibit A**

## I b

## CAUSE OF ACTION ACCRUES

IV. Claimant's cause of action accrued on, or about August 24th, 2004, when Claimant received, via the Freedom of Information Act, IRS record *IMF MCC TRANSCRIPT-COMPLETE*. The aforementioned record clearly indicates that Claimant is not required to file Form 1040. The MFR (mail filing requirement) posted in said record is MFR-01.

V. Prior to receipt of the aforesaid correspondences, Claimant remained effectively barred from bringing suit due to the IRS's refusal to produce evidence which would indicate whether or not Claimant was indeed required to file Form 1040. Not until Claimant received the aforesaid Official Record of the Internal Revenue Service indicating Claimant is NOT required to file Form 1040, did Claimant have a reasonable opportunity to discover all essential elements of a possible cause of action.

VI. Claimant has suffered an extraordinary amount of pecuniary damages due to IRS's intentional disregards of the IRC. IRS employees, agents, and officers have continuously demanded that Claimant file Form 1040, despite the fact that IRS Official Records indicate Claimant is NOT required to do so. IRS has wrongfully issued a Notices of Federal Tax Lien, and Notice of Levy against Claimant.

**NOTICE: INTERNAL REVENUE MANUAL 4.10.7.2.9.8 (05-14-1999):**

**Importance of Court Decisions**

**1. Decisions made at various levels of the court system are considered to be interpretations of tax laws and may be used by either examiners or taxpayers to support a position.**
**2. Certain court cases lend more weight to a position than others. A case decided by the U.S. Supreme Court becomes the law of the land and takes precedence over decisions of lower courts. The Internal Revenue Service must follow Supreme Court decisions. For examiners, Supreme Court decisions have the same weight as the Code.**
    **Decisions made by lower courts, such as Tax Court, District Courts, or Claims Courts are   binding on the Service only for the particular taxpayer and the years litigated. Adverse decisions of lower courts do not require the Service to alter its position for other taxpayers.**

**Exhibit A**

# II a

# GROUNDS

# CITATIONS OF INTENTIONAL AND RECKLESS DISREGARD OF THE INTERNAL REVENUE CODE

VII. a. Beginning with "tax year" 1999 through and including the present year, the Internal Revenue Service, through agents, officers, and or employees, in connection with the collection of a federal tax, recklessly, and or intentionally, and with intent to defeat, disregarded the following provisions of Title 26 United States Code, the regulations promulgated there-under, and the GAO Audit Reports for 1993, through and including 2003:

b. 26 U.S.C §6201(a) by failing to make an assessment of the taxes Claimant allegedly owes; to wit: Internal Revenue Service agents, officers, and or employees have repeatedly demanded of Claimant payment of amounts allegedly assessed and owed. Claimant requested Assessment Form(s) 23-C via Freedom of Information Act. IRS failed to produce the requested documentation in violation of the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a and INTERNAL REVENUE CODE at 26 U.S.C. 6103 and 6110. See Exhibits: A and B

c. 26 U.S.C § 6202 by failing to make an assessment of the taxes Claimant allegedly owes within the time and mode set forth by the secretary; to wit: Internal Revenue Service agents, officers, and or employees have repeatedly demanded of Claimant payment of amounts allegedly assessed and owed. Claimant requested Assessment Form(s) 23-C via Freedom of Information Act. IRS failed to produce the required documentation in violation of the FREEDOM OF INFORMATION ACT at 5 U.S.C. 552, PRIVACY ACT at 5 U.S.C. 552a and INTERNAL REVENUE CODE at 26 U.S.C. 6103 and 6110 See Exhibits: A and B

**Exhibit A**

d. 26 U.S.C. §6203 by failing to record an assessment of the taxes Claimant allegedly owes; To wit: The method of recording an administrative act such as an assessment is governed by § 6203, which provides: The assessment shall be made by recording the liability of the taxpayer in the office of the Secretary in accordance with rules or regulations prescribed by the Secretary. Upon request of the taxpayer, the Secretary shall furnish the taxpayer a copy of the record of assessment. IRS failed to furnish the required copy(s) of record(s) of assessment(s) upon request.

e. 1.) 26 U.S.C. §6203 by failing to furnish Claimant copies of records of assessment certificates upon Claimant's request; To wit: Internal Revenue Service agents, officers, and or employees, have repeatedly, but anonymously, demanded of Claimant payment of amounts allegedly assessed and owed. Claimant requested Assessment Form(s) 23-C via Freedom of Information Act. IRS failed to produce the required documentation in violation of 26 U.S.C. §6203 See Exhibits: A and B

2.) The specific tax regulation concerning the assessment process is 26 C.F.R. §301.6203-1 which reads in pertinent part:

The district director and the director of the regional service center shall appoint one or more assessment officers. The assessment shall be made by an assessment officer signing the summary record of the assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. The amount of the assessment shall, in the case of tax shown on a return by the taxpayer, be the amount so shown, and in all other cases the amount of the assessment shall be the amount shown on the supporting list or record. See United States v. Coson, 286 F.2d 453 (9th Cir. 1961); Kurio v. United States, 281 F. Supp. 252 (D.C.Tex. 1968); Heck v. Walters, 523 F.2d 23 (C.A. Cal. 1975); United States v. Taylor, 305 F.2d 183 (4th Cir.), cert. denied, 371 U.S. 894 (1962).

3.) There can be no dispute that the assessment list is the supporting record and is absolutely essential before a valid assessment can be made. The regulation contemplates

**Exhibit A**

a signed document and is consistent with the supporting statute which provides that the taxpayer is entitled to a copy; reference to which implies that a hard copy exists.

4.) By the Internal Revenue Service's own admission in its IR Manual [5312(1), MT 5300-1 (11-15-85)], the assessment lists support the assessment certificate:

5.) The foregoing statement from the IR Manual is a party admission that an assessment list must exist. See United States v. Van Griffin, 874 F.2d 634, 638 (9th Cir. 1989) (Government manuals are admissible as party admissions under Federal Rules of Evidence 801(d)(2)(D)).

6.) In addition to the above IRM provision which proves that Form 23-C is the assessment form, established decisional authority also reveals that a tax assessment is made upon Form 23-C. For example, in Meyersdale Fuel Co. v. United States, 44 F.2d 437, 443 (Ct. Cl. 1930), Form 23-C is mentioned:

When the Commissioner of Internal Revenue makes an assessment of taxes, he signs a list entitled "Commissioner's assessment list" on Form 23C-1.

f. 26 U.S.C. §7214(a) by attempting and continuing to attempt to collect sums greater than that which appear on records of assessment; To wit: Absent a lawful assessment, a tax is not owed. Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972). The absence of the requisite documents proves that there has been no assessment and, consequently, no tax collection activities may be pursued. (Mandatory Judicial Notice FED.R.EVID. 201).

Further: Merely demanding payment for a tax, even repeatedly, does not cause liability. Bothke v. Fluor Engineers and Constructors, Inc., 713 F.2d 1405 (1983).

Several cases disclose the type of information which must be contained on a Form 23- C tax assessment record and its supporting list. For example, in Ianelli v. Long, 329 F.Supp. 1241, 1242 (W.D.Pa. 1971), the description of the various data is as follows:

"The procedure for assessment provides, inter alia, that the assessment officer shall sign the summary record of assessments made against any tax payer; that said action, through

**Exhibit A**

supporting records, shall provide identification of the tax payer, the character of the liability assessed, the taxable period as applicable, and the amount of the assessment. The date of the assessment is the date the summary record is signed by an assessment officer.

g. 26 U.S.C. §6321 by filing invalid and unlawful Notice of Federal Tax Lien against Claimant; To wit: internal Revenue Service agents, officers, and or employees issued, and caused to be recorded, a Notice of Federal Tax Lien containing Claimant's confidential "Taxpayer Information". Said Notice was mailed to the Clerk of Court at Buncombe County, North Carolina to be recorded as a Judgment. See Exhibit: C

h. 1.) 26 U.S.C. §6103(a) by causing the recording of said Notice of Federal Tax Lien into the Judgment Book at Buncombe County, North Carolina; said Judgment Book being accessible to anyone and or, any entity as a matter of right, such recordation is a clear and blatant violation of Title 26 U.S.C. §6103(a). See Exhibit: C

2.) Said Notice of Federal Tax Lien cited alleged "assessment dates". Claimant has previously requested copies of any and all Form 23-C assessment certificates bearing Claimant's name and, or SSN via the Freedom of Information Act. IRS has failed to produce any such assessment certificates in response to Claimant's request.
See Exhibits: A and B

i. 26 U.S.C. §7214(a)(1) by willfully oppressing Claimant; To wit: Internal Revenue agent, officers, and or employees, through the implementation of deceitful and intentionally misleading language contained within the instructions on IRS Notice of Levy demanding that Claimant's property be fraudulently converted by the management of a financial institution. IRS agents, officers, and or employees caused Claimant tremendous financial hardship without recourse. Before sums deposited in respect to a "presumed taxpayer" can be converted to use by the United States Treasury, the "taxpayer" must be assessed. The term "assessment" has a technical meaning binding on a court and on the government. United States v. Miller, 318 F.2d 637, (7th Cir. 1963); See also Davis v Strople (Fla) 39 So 2d 468; People ex rel. Mayfield v Springfield, 16 Ill 2d 609, 158 NE2d 582;, 77 Ohio St 311, 83 NE 392; Morissette v United States, 342 US

**Exhibit A**

246; 96 L.Ed. 288; 72 S. St 240; Case v Los Angeles Lumber Products Co. 308 US 106, 84 L Ed 110, 60 S Ct 1, reh den 308 US 637, 84 L Ed 529, 60 S Ct 258   See Exhibit: D

j. 1.) 26 U.S.C. §7214(a)(2) by knowingly demanding other or greater sums than are authorized by law; To wit: Claimant now knows agents, officers, and or employees of the Internal Revenue Service have never conducted a lawful assessment of tax against Claimant. Absent lawful assessment, no tax can be due. Therefore, all collection actions, financial hardship, and other losses and damages Claimant endured were unauthorized and unlawful.

2.) IRS agents, officers, and or employees have engaged in a campaign of threatening and abusive behavior in the process of demanding money from Claimant; all the while, Claimant could not have possibly owed any amount of tax, by virtue of the fact that IRS never performed the required assessment procedure with regard to Claimant.
Absent a lawful assessment, a tax is not owed. Ridinsky v. United States, 622 F. Supp. 331 (1985); Estate of M. Karl Goetz v. United States, 286 F.Supp. 128; In re Western Trading Co., 340 F.Supp. 1130 (D.Nev. 1972).

k. 26 U.S.C. §7214(a)(7) by making and signing fraudulent certificates; To wit: IRS agents, officers, and or employees <u>disregarded, with intent to defeat,</u> said section of the Internal Revenue Code by making and 'signing' a fraudulent Notice of Federal Tax Lien and a Notice of Levy citing alleged "amounts assessed", and alleged "assessment dates". Said fraudulent instruments were implemented against Claimant despite the fact that no lawful assessment, as required by the IRC, had ever been performed.

l. 1.) 26 U.S.C. §6321 by the issuing of an invalid and unlawful Notice of Levy on Claimant's bank account; To wit: During October of 2005, Internal Revenue agents, officers, and or employees, issued, or caused to be issued a fraudulent Notice of Levy bearing the SSN assigned to the Claimant. Said Notice of Levy was issued to the holder of Claimant's bank account in an effort to coerce the Fiduciary Officer thereof to convert Claimant's monies/assets to the IRS.

**Exhibit A**

    2.) Said Notice carried incomplete instructions on the reverse side, intentionally misleading the reader to conclude that Claimant was subject to levy by the IRS. A sample of said intentionally misleading instructions is attached as Exhibit: E

m. 26 U.S.C. §6325 by failing to release the aforementioned Notices of Federal Tax Lien when said Notices were obviously invalid and unlawful.

n. 26 U.S.C. §6501(a) by failing to assess taxes allegedly owed within three years; To wit: The assessment process regarding federal income taxes is a matter controlled by statutes and regulation; it is not possible for a "taxpayer" to make an assessment. 26 C.F.R. §§ 301.6201-1 and 301.6203-1; Girard Trust Bank v. United States, 643 F.2d 725 (Ct. Cl. 1981).

o. By failing to comply with the Federal Records Act, 44 USC § 3101, the National Archives Act, 44 USC § 3106, and federal regulations, at 36 CFR Part 1222, which require the IRS to make and preserve records containing adequate and proper documentation of, the organization of the agency; the functions of the agency; the policies of the agency; the decisions of the agency; the procedures of the agency; and the essential transactions of the agency. IRS admits no records of assessment regarding Claimant exist. This failure is supported by the GAO audit reports for the years 1993 through and including 2003. Claimant provides an extraction from the aforementioned GAO audit reports in support of this claim:

The following extractions from the GAO audit reports for the years 1993 through and including 2003 establish that without exception: IRS records are generally unreliable, the IRS cannot generate a file or listing of detailed transaction such as assessments, collections, abatements, refunds, and interest recorded; IRS permits employees to make unauthorized access and modifications to taxpayer information; IRS cannot retrieve the detailed information needed to summarize individual types of transactions, such as penalties or interest, or support the information included in IRS' reports; IRS cannot ensure that (1) manual entries are appropriate and authorized and (2) any keying errors

**Exhibit A**

associated with manually inputted entries are detected; IRS' systems do not routinely produce reliable information about valid and collectible accounts receivable; IRS' automated records contain errors and IRS does not record tax assessments, payments and other activities; IRS controls over cash, checks and related hard copy taxpayer data it receives from taxpayers do not sufficiently limit the risk of theft, loss, or misuse of such funds and data; many assessments were erroneous; IRS stated that it generally agreed with the findings and conclusions in the reports.

p. Pursuant to 26 C.F.R. §601.702(c) the IRS is required to answer any correspondence of a "taxpayer" within 10 days. Claimant has repeatedly attempted to gain relief through administrative means in that Claimant has written numerous requests for documents and authorities which require responses from the IRS. The IRS has failed and/or refused to respond or has responded with frivolous responses. See Exhibits: A and B

q. 26 U.S.C. §6001, The Secretary never served Notice upon Claimant to make returns, render statements, or keep records. The Secretary's failure to serve Notice upon Claimant is an agency action indicating Claimant is not liable for any tax imposed by the Internal Revenue Code and, or any provision of Title 26 U.S.C.

## II b

## VIOLATIONS OF TITLE 44 U.S.C. §3101

VIII. 1.) The Federal Records Act; Title 44 U.S.C. §3101 states:
The head of each Federal agency shall make and preserve records containing adequate and ***proper documentation*** of the organization, functions, policies, decisions, procedures, and essential transactions of the agency and designed to furnish the information necessary to ***protect the legal and financial rights*** of the Government and of ***persons directly affected by the agency's activities.*** (Emphasis Added)

2.) Claimant obtained through a Freedom of Information Act request a copy of the record entitled; IMF MCC TRANSCRIPT-COMPLETE, which purports to pertain to Claimant.

**Exhibit A**

Said record contains errors, which have mislead IRS agents, officers, and employees as to alleged liabilities and duties imposed upon Claimant.

The errors are as follows:

a. VAL-1: (Permanent Invalid SSN Freeze, posted to the invalid segment of the Master File.) – Based on this code, no further transactions should be posted to the IMF. IRS has continued to post to this Official Record in violation of their administrative procedures. The Internal Revenue Manual requires certain codes to be posted prior to the posting of this VAL-1. None of these requirements have been fulfilled. Furthermore, the posting of this code evidences an Accomplishment Error, [See IRM Exhibit 4.4.27-6 (02-08-1999)], and also requires a determination by the National Office.

b. MFR-01: (Mail Filing Requirement) - This code indicates that the Claimant is NOT required to file Form 1040. Despite this posting, Claimant has been threatened, harassed, intimidated, and wrongfully penalized for failure to file Form 1040.

c. Transaction Code 971: (Data fraudulently posted to incorrect TIN) - This transaction allows the agency to knowingly post data to an account that contains an incorrect TIN (Taxpayer Identification Number).

d. Transaction Code 425: Evidences Invalid Segment of IMF.

e. BODC-WI: Falsely identifies the Claimant as a Business Client

**Exhibit A**

## III

## INJURIES

IX 1.) Claimant has incurred substantial pecuniary injury as direct and proximate results of the reckless and intentional disregard on the part of IRS agents, officers, and or employees for provisions of the Internal Revenue Code and regulations promulgated there-under. Claimant has exercised all measures within her means to mitigate damages.

2.) As a direct and proximate result of the reckless, intentional and wanton disregard for provisions of Title 26 United States Code and the regulations promulgated there-under by Internal Revenue Service agents, officers, agents, and/or employees in connection with the collection of a federal tax, Claimant has suffered substantial personal embarrassment, loss of income, and loss of goodwill, resulting in actual damages as detailed below. Other damages Claimant has sustained include, but are not limited to; unlawful encumbrance of real property, loss of monies through the use of a fraudulent and counterfeit Notice of Levy, coercion, threatening communications by mail, loss of earning capacity, consequential losses, and loss of Social Security Retirement investment capacity.

## IV

## REMEDY SOUGHT

X 1.) Claimant seeks a permanent freeze on all collection and investigative activities by the Internal Revenue Service and, or any and all investigative activities of any other agencies caused, or put into effect, by or through the IRS, or any agent thereof against Claimant.

2.) Claimant seeks damages in the amount of $65,000.00 for the direct and proximate pecuniary injuries Claimant has suffered through the unlawful encumbrance of Claimant's real property, and loss of opportunities to sell, transfer, or refinance said real property.

**Exhibit A**

3.) Claimant seeks damages in the amount of $100,000.00 in accordance with the provisions of Title 26 §7433 for the gross negligence of IRS employees, agents and, or officers, which ahs resulted in Claimant suffering extraordinary damages without recourse

## V

## SUMMATION

XI 1.) Claimant has sustained pecuniary injuries and damages totaling $65,000.00 to date and,

2.) Claimant has had real property unlawfully encumbered through the issuance and recordation of an un-authorized, fraudulent Notice of Federal Tax Lien which IRS has illegally caused to be entered as a Judgment in the Office of Clerk of Court at Buncombe County, North Carolina. Said unlawful acts being the result of gross negligence, Claimant seeks $100,000.00 as prescribed in Title 26 §7433.

3.) Claimant seeks damages in the amount of $165,000.00 to be paid on or before the date of August 14th, 2006

Thank you for your prompt attention to this matter.

By: [signature]
Rebekah H. Miller All Rights Reserved

State of North Carolina County of Buncombe

Sworn and subscribed before me on: July 31st, 2006 WITNESS my hand and official seal.

Signature: Nancy Coppenbarger NOTARY PUBLIC

**My Commission expires:** July 31, 2010

Seal: NANCY COPPENBARGER MY COMM. EXP. NOTARY PUBLIC JULY 31, 2010 BUNCOMBE COUNTY, N.C.

Feb 23 06 07:57p

**Exhibit A**

p.1

3103

PAGE NO 0001

```
                *IMF MCC TRANSCRIPT-COMPLETE*              EMP NO 79-513-51154
                                                       DISCLOSURE-KY03951
 ACCOUNT NO 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               08-20-2004
 NAME CONT- MILL                      CYCLE-200433
*****************************************************************************
FOR 7951351154 BY-7951351154 ON-08192004 TYP-C
TIME-16:18 SRC-I    DISCLOSURE-KY03961    PROCESSED ON-233
                                          ENTITY AND TAX MODULE DATA FOUND ON MF
                                          DROPPED ENTITY DATA IS AVAILABLE
                                          USE MFTRA REQUEST-TYPE -B- HARDCOPY

1999 1 REBEKAH H MILLER
       PO BOX 1781                                     BODC-WI BODCLC
198713 ASHEVILLE              NC 28802-1781-814
                                          PRIOR NAME CONTROL            FZ>
ULC-5612                                  MFR-01   VAL-1 IRA-                  CAF-
YEAR REMOVED-        ENT EXT CYC-200417   FYM-12   SCS-   CRINV-  130-
                                          RPTR-    PMF-   SHELT-  BNKRPT-  BLLC-
                                          ACCRETION-                        MIN SE-
                                          JUSTIFICATION-1   IRS EMPL-   FED EMPL

PTNL REBEKAH H MILLER

   REF 1998 ME       CND-R FLC-00 199917

    150 ------------------------------198713          49221-666-37008-7
    150 ------------------------------199113          49221-062-44680-1
    150 ------------------------------199316          49221-095-47633-3
    152 ------------------------------199524          49212-108-13613-5
    971 ------------------------------200001          56277-999-99999-0
    971 ------------------------------200409          56277-999-99999-4
    030 ------------------------------200420          49280-519-00011-4
MODULES REMOVED TO RETENTION REG-       30 198612 ULC 56   CYCLE 199201
                                        30 198712 ULC-56   CYCLE-199301
                                        30 198812 ULC-56   CYCLE-199401
                                        30 198912 ULC-56   CYCLE-199501
                                        30 199012 ULC 56   CYCLE 199601
                                        30 199112 ULC-56   CYCLE-199701
                                        30 199212 ULC-56   CYCLE-199801
                                        30 199312 ULC-56   CYCLE-199901
                                        30 199412 ULC-56   CYCLE-200001
                                        30 199512 ULC-56   CYCLE-200101
                                        30 199612 ULC-56   CYCLE-200201
                                        30 199712 ULC-56   CYCLE-200301
                                        30 199812 ULC-56   CYCLE-200401
*************************
* TAX PERIOD 30     199912 *         REASON CD-            MOD EXT CYC-
*************************
```

*****************************CONTINUED ON NEXT PAGE*****************************

**Exhibit A**

Kenneth H. Miller
[illegible]
[illegible]
[illegible]
North Carolina

Certified Mail #7005 [illegible]
[illegible] Requester's name and [illegible] number [illegible]

[illegible]

Internal Revenue Service
Agent for Department of the Treasury
ATTN: Disclosure Officer, FOIA Request
Mail Stop [illegible]
1973 N Rulon White Blvd
Ogden UT 84404

RE: Account No. [illegible] used to identify and retrieve in your system of records

FREEDOM OF INFORMATION ACT REQUEST

Dear Sirs:

This is a request under the FREEDOM OF INFORMATION Act, Title 5 USC 552, PRIVACY ACT at 5 USC 552a, and INTERNAL REVENUE CODE at 26 USC § 6103 and § 6110. This request does not fall under exemption 26 USC § 6103 (e)(7). These documents are not sought for any commercial purposes. This is my first request [illegible] and costs for [illegible] of the records requested below [illegible] determined [illegible] 5 CFR [illegible]

Understanding most exemptions are discretionary [illegible], if for some reason you determine any portion of this request to be exempt [illegible] (a) the [illegible] those portions reasonably segregable after the exempt material is deleted, (b) detailed justification for your exemption since the overriding objective of the FOIA is to maximize [illegible] access to agency records see IRM 1.3.13.7 [illegible] (2006) [illegible] and the correct address to whom administrative appeals should be addressed.

[illegible] personal inspection of the requested records.

I am attesting under the penalty of perjury under the laws of the United States of America 28 USC § 1746 [illegible] 5 CFR [illegible] requester.

Please send me a copy of all documents [illegible] requester and the [illegible] through [illegible] maintained in a system of records identified as:

1. A copy of the valid, procedurally proper, executed Form 23C (manual) Assessment Certificate and supporting documentation for the principal for each class of tax assessed as required by 26 USC § 6203, and 26 CFR § 301.6203-1 which pertain to the above Requester (note: I am not interested in a copy of the phony assessment documents created per paragraph [illegible]).

Exhibit



**Exhibit A**

DEPARTMENT OF THE TREASURY
INTERNAL REVENUE SERVICE
WASHINGTON, D.C. 20224

SEP 1 6 2004

Rebekah H. Miller
C/O P.O. Box 1781
Asheville, NC 28802

Regarding: Freedom of Information Act Requests
Disclosure Case No.: 33-2004-03961, 03962, 03963, 03964, 03965, 03966 and 03967

Dear Ms. Miller:

This is in response to the following Freedom of Information Act requests received in the Ogden Disclosure Office July 28, 2004 and transferred to this office:

Case # 33-2004-03961; Certified Mail #7003-3110-0005-2316-6408; dated June 14, 2004
Enclosed are the Individual Master File specific transcripts of account for your tax years 1999 through 2001 and also your Individual Master File complete transcripts of account. The total number of pages released is 31. There is no Non-Master File (NMF) activity associated with your account at this time, so there are no Non-Master File transcripts available. We are unable to respond to the request for Business Master File (BMF) information, because there is no record of the Employer Identification Number (EIN) 24-3928504 which you provided in the request.

Case # 33-2004-03962; Certified Mail #7003-3110-0005-2316-6408; dated June 15, 2004
The Form 3177, Notice of Action for Entry on Master File, is prepared by Campus and Area Office personnel for input of miscellaneous transaction codes to the taxpayer's tax module(s). A special search has been instituted for any available requested Form 3177's. When/if any are secured, copies will be forwarded to you promptly.

Case # 33-2004-03963; Certified Mail #7003-3110-0005-2316-6408; dated June 16, 2004
You have requested a copy of your 23 C document. The Summary Record of Assessment (SRA) replaced the Form 23 C. The SRA is an aggregate record of assessments for a given day or week that lists all tax, penalty and interest totals by class of tax. There are not SRA's on file that identify you or any other taxpayer by name.

Because the enclosed literal transcripts, consisting of six pages, represent a copy of the record of assessment, we are providing them in lieu of an SRA. The transcripts include the taxpayer name, the taxable period, the assessment dates and amounts, and the character of the assessment as required by IRC 6203 and Regulation 301.6203.

If you do require a copy of the SRA, there is a search fee of $17.00 per hour (or fraction thereof) for locating SRA's, after allowing the first two hours free of charge. The amount of the search fee depends on the number and age of the assessment records requested. You can minimize the fee by using the enclosed transcript to idenify the specific assessment records you want. Please resubmit another request and include a statement agreeing to the possible costs involved.

Case # 33-2004-03964; Certified Mail #7003-3110-0005-2316-6408; dated June 17, 2004
Enclosed are TXMOD prints concerning your tax years 1999 through 2001 and numbering 25 pages

Exhibit

**Exhibit A**

Form 668 (Y)(c) (Rev. February 2004)

1008 Department of the Treasury - Internal Revenue Service

# Notice of Federal Tax Lien

Area:
SMALL BUSINESS/SELF EMPLOYED AREA #2
Lien Unit Phone: (800) 829-7650

Serial Number: 168583704

For Optional Use by Recording Office

**As provided by section 6321, 6322, and 6323 of the Internal Revenue Code, we are giving a notice that taxes (including interest and penalties) have been assessed against the following-named taxpayer. We have made a demand for payment of this liability, but it remains unpaid. Therefore, there is a lien in favor of the United States on all property and rights to property belonging to this taxpayer for the amount of these taxes, and additional penalties, interest, and costs that may accrue.**

- This Notice of Federal Tax Lien has been filed as a matter of public record.
- IRS will continue to charge penalty and interest until you satisfy the amount you owe.
- Contact the Area Office Collection Function for information on the amount you must pay before we can release this lien.
- See the back of this page for an explanation of your Administrative Appeal rights.

Name of Taxpayer REBEKAH H MILLER

Residence PO BOX 1781
ASHEVILLE, NC 28802-1781

**IMPORTANT RELEASE INFORMATION:** For each assessment listed below, unless notice of the lien is refiled by the date given in column (e), this notice shall, on the day following such date, operate as a certificate of release as defined in IRC 6325(a).

| Kind of Tax (a) | Tax Period Ending (b) | Identifying Number (c) | Date of Assessment (d) | Last Day for Refiling (e) | Unpaid Balance of Assessment (f) |
|---|---|---|---|---|---|
| 1040 | 12/31/1999 | 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 | 07/07/2003 | 08/06/2013 | 21294.55 |
| 1040 | 12/31/2000 | 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 | 02/10/2003 | 03/12/2013 | 7700.48 |
| 1040 | 12/31/2001 | 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 | 11/02/2003 | 12/02/2013 | 13258.77 |
| 6702 | 12/31/1999 | 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 | 03/18/2002 | 04/17/2012 | 500.00 |
| 6702 | 12/31/2000 | 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 | 04/15/2002 | 05/15/2012 | 500.00 |
| 6702 | 12/31/2001 | 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 | 02/03/2003 | 03/05/2013 | 500.00 |

Place of Filing
CLERK OF SUPERIOR COURT
BUNCOMBE COUNTY
ASHEVILLE, NC 28801-3519

Total $ 43753.80

This notice was prepared and signed at BALTIMORE, MD, on this,

the 20th day of April, 2004.

Signature
for P S LANE

Title
ACS
(800) 829-7650

12-00-0000

(**NOTE:** Certificate of officer authorized by law to take acknowledgment is not essential to the validity of Notice of Federal Tax lien Rev. Rul. 71-466, 1971 - 2 C.B. 409)

Part 3 - Taxpayer's Copy

Form **668(Y)(c)** (Rev. 2-2004)
CAT. NO 60025X

**Exhibit A**

Form 8519
(Rev. January 2001)

Department of the Treasury-Internal Revenue Service
**Taxpayer's Copy of Notice of Levy**

DATE: 10/20/2005

TELEPHONE NUMBER OF IRS OFFICE TOLL FREE 1-800-829-7650
WI

SEQNUM 00065

REPLY TO
ACS SUPPORT - STOP 5050
PO BOX 219236
KANSAS CITY, MO 64121-9236

TO

P

BANK OF AMERICA
LEVIES AND ATTACHMENTS #20476
P.O. BOX 54660
LOS ANGELES, CA 90054

REBEKAH H MILLER
PO BOX 1781
ASHEVILLE NC 28802-1781814

IDENTIFYING NUMBER(S): 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
MILL E 00

| Kind of Tax | Tax Period Ended | Unpaid Balance of Assessment | Statutory Additions | Total |
|---|---|---|---|---|
| CIVPEN | 12-31-1999 | $ 506.00 | $ 105.99 | $ 611.99 |
| CIVPEN | 12-31-2000 | $ 500.00 | $ 102.69 | $ 602.69 |

THIS LEVY WON'T ATTACH FUNDS IN IRAs, SELF-EMPLOYED INDIVIDUAL RETIREMENT PLANS, OR ANY OTHER RETIREMENT PLANS IN YOUR POSSESSION OR CONTROL, UNLESS IT IS SIGNED IN THE BLOCK TO THE RIGHT.

Total Amount Due $ 1,214.68

We figured the interest and late payment penalty to 11-17-2005

Although we have told you to pay the amount you owe, it is still not paid. This is your copy of a notice of levy we have sent to collect this unpaid amount. We will send other levies if we do not get enough with this one.

**Banks, credit unions, saving and loans, and similar institutions described in section 408(n) of the Internal Revenue Code must hold your money for 21 calendar days before sending it to us. They must include the interest you earn during that time. Anyone else we send a levy to must turn over your money, property, credits, etc. that they have (or are already obligated for) when they would have paid you.**

If you decide to pay the amount you owe now, please **bring** a guaranteed payment (cash, cashier's check, certified check, or money order) to the nearest IRS office with this form, so we can tell the person who received this levy not to send us your money. If you mail your payment instead of bringing it to us, we may not have time to stop the person who received this levy from sending us your money.

If we have erroneously levied your bank account, we may reimburse you for the fees your bank charged you for handling the levy. You must file a claim with the IRS on Form 8546 within one year after the fees are charged.

If you have any questions, or want to arrange payment before other levies are issued, please call or write us. If you write to us, please include your telephone number and the best time to call.

Signature of Service Representative: [signature]

Title: **Operations Manager, Collection**

Exhibit ____

FORM 8519 (Rev. 01-01) 63518R

**Exhibit A**

Excerpts from the Internal Revenue Code

* * * * * * * * * *

SEC. 6331. LEVY AND DISTRAINT.

[illegible]

[illegible]

SEC. 6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.

[illegible]

[illegible]

[illegible]

[illegible]

[illegible]

SEC. 6333. PRODUCTION OF BOOKS.

[illegible]

SEC. 6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.

[illegible]

[illegible]

[illegible]

* * * * * * * *

Applicable Sections of Internal Revenue Code

6321. LIEN FOR TAXES.
6322. PERIOD OF LIEN.
6325. RELEASE OF LIEN OR DISCHARGE OF PROPERTY.
6331. LEVY AND DISTRAINT.
6332. SURRENDER OF PROPERTY SUBJECT TO LEVY.
6333. PRODUCTION OF BOOKS.
6334. PROPERTY EXEMPT FROM LEVY.
6343. AUTHORITY TO RELEASE LEVY AND RETURN PROPERTY.
7426. CIVIL ACTIONS BY PERSONS OTHER THAN TAXPAYERS.
7429. REVIEW OF JEOPARDY LEVY OR ASSESSMENT PROCEDURES.

[illegible]