IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBEKAH H. MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:06cv01250 (RMU) |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES' REPLY TO PLAINTIFF'S
OPPOSITION TO MOTION TO DISMISS**

This is a civil action in which plaintiff alleges that, beginning with tax year 1999, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes, "replevin of any and all property," and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation." The United States filed a motion to dismiss asserting that plaintiff failed to allege that she filed an administrative claim for damages. Plaintiff filed an opposition asserting, in part, that she filed an administrative claim on or about July 22, 2006. This reply only addresses plaintiff's assertion that the motion to dismiss should be denied because she filed an administrative claim.

Plaintiff's complaint must be dismissed because she failed to comply with the exact terms of the United States' waiver of sovereign immunity under 26 U.S.C. § 7433. Plaintiff is required to file an administrative claim <u>prior</u> to filing suit. 26 C.F.R. § 301.7433-1(a) & (d). Plaintiff admits that she did not do so. Plaintiff filed her complaint

on July 10, 2006 (PACER # 1), but filed a purported administrative claim 12 days later - on or about July 22, 2006 (*see* Pl. Opp. to Mot. to Dismiss, Ex. A.). Since plaintiff failed to comply with the regulation and file an administrative claim for damages prior to filing suit, the Court lacks jurisdiction over this action. *C.f. McNeil v. United States*, 508 U.S. 106, 111 (1993) ("The command that an 'action shall not be instituted ⋯ unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail' is unambiguous. We are not free to rewrite the statutory text."); *United States v. Mitchell*, 445 U.S. 535, 538 (1980) ("Once sovereign immunity has been waived, the suit must comply exactly with the terms of the statute."); *United States v. Sherwood*, 312 U.S. 584, 586 (1941) (same); *Eastern Associated Coal Corp. v. Director, Office of Workers' Compensation Programs*, 791 F.2d 1129, 1131 (4th Cir. 1986) (same); *Cole v. United States*, 657 F.2d 107, 109 (7th Cir. 1981) (same); *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34 (1992) ("Any waiver of sovereign immunity must be construed strictly in favor of the sovereign and not enlarged beyond what the language of the waiver requires.); *Hutchinson v. United States*, 677 F.2d 1322, 1327 (9th Cir. 1982) ("If the suit does not comply with the terms of the statute waiving sovereign immunity, it must be dismissed."); *Jules Hairstylists of Maryland, Inc. v. United States,* 268 F. Supp. 511, 514 (D. Md. 1967) (same), *aff'd per curiam*, 389 F.2d 389 (4th Cir.). Because plaintiff failed to allege that she filed a proper administrative claim for damages <u>prior</u> to filing suit, the Court should dismiss the complaint.

DATE: October 2, 2006.		Respectfully submitted,

		 /s/ Jennifer L. Vozne
		JENNIFER L. VOZNE
		Trial Attorney, Tax Division
		U.S. Department of Justice
		Post Office Box 227
		Washington, DC  20044
		Phone/Fax:  (202) 307-6555/514-6866
		Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:

KENNETH L. WAINSTEIN
United States Attorney

CERTIFICATE OF SERVICE

IT IS CERTIFIED that the foregoing UNITED STATES' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS was caused to be served upon plaintiff *pro se* on the 2nd day of October, 2006, by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

>Rebekah H. Miller
>*Plaintiff pro se*
>77 Mulberry Court
>Arden, NC 28704

>/s/ Jennifer L. Vozne
>JENNIFER L. VOZNE

1950122.1