# UNITED STATES DISTRICT COURT FOR THE
### DISTRICT OF COLUMBIA

| | |
|---|---|
| Rebekah H. Miller, | No. 1:06cv01250 (RMU) |
| Plaintiff, | RESPONSE TO ORDER TO SHOW CAUSE |
| v. | |
| UNITED STATES, | |
| Defendant. | |

RECEIVED
DEC 1 1 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### PLAINTIFF'S RESPONSE TO ORDER TO SHOW CAUSE

Plaintiff hereby responds to the Court's Order to Show Cause:

Defendant has moved to dismiss the above captioned action solely upon the already settled issue of subject matter jurisdiction. Plaintiff opposes defendant's motion to dismiss and defendant's reply brief (Dkt # 6) for the following reasons:

### I.  FRIVOLOUS "FAILURE TO EXHAUST" MOTION

It is now established that the Court's power to hear the case at bar is no longer in question. In recent Memorandum Opinions; Lindsey v. United States, DDC 05-1761 (RBW), Martin v. United States, DDC 05-2506 (RMC), September 22, 2006, Anderton v United States, DDC 06-129 (RBW), the Court discussed this issue at length, and, upon Arbaugh v. Y & H Corp., 126 S. Ct. 1235, 1245 (Feb. 22, 2006) and Turner v. United States, 429 F. Supp. 2d 149, 154 (D.D.C. 2006) (JDB), the Court (Walton, Collyer, and others) made clear that "failure to exhaust administrative remedies is not a jurisdictional prerequisite to bringing suit". (emphasis added)

Counsel's frivolous motion relies solely upon the assertion of failure to exhaust administrative remedies in accordance with 26 C.F.R. § 301.7433-1. Counsel is arguing an issue already settled in the D.C. Circuit.

In Lindsey v. United States, DDC 05-1761 (RBW), (cited by Martin v. United States, DDC 05-2506 (RMC), September 22, 2006, and Anderton v United States, DDC 06-129 (RBW)), the Court provided an opportunity to include a "facial challenge" to 26 C.F.R. § 301.7433-1, and Plaintiff herein so includes a "facial challenge" to 26 C.F.R. § 301.7433-1 herein:

## II.   FACIAL CHALLENGE

Plaintiff asserts that 26 C.F.R. § 301.7433-1 is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending. In defendant's motion, counsel correctly reads § 7433(d) (1) in quoting "a judgment for damages shall not be awarded...<u>unless the court determines</u> that the plaintiff has exhausted the administrative remedies <u>*available*</u> to such plaintiff within the Internal Revenue Service." Plaintiff respectfully asserts she has sufficiently shown she has exhausted the administrative remedies <u>*available*</u> to her, and a determination to that effect would be just and appropriate.

## III. DEFENDANT'S ABUSE OF AUTHORITY REGARDING AVAILABILITY

The *availability* of administrative remedies is something entirely within the control of defendant's agency, due to (1) Internal Revenue Service is entrusted with rendering determinations on administrative claims, (2) Internal Revenue Service can, and has in regards to the Plaintiff, unlawfully withheld documentation necessary for the compilation of Plaintiff's administrative claim, (3) the aforementioned documentation was requested by Plaintiff more than two hundred and thirty 230 days ago; no response to date, (4) defendant's agency / agents have exhibited their ability <u>and willingness</u> to thwart the exhaustion process set forth in 26 CFR § 301.7433-1.

Defendant's agency, in abusing its authority as the sole source of key records, has deprived Plaintiff of key documents which were to be exhibits in Plaintiff's administrative claim. Moreover, defendant's agency has squandered more than ten 10 times the twenty 20 days which said agency is allowed to produce the requested records. Plaintiff asserts that the aforesaid abuses of authority and unlawful refusal to produce by defendant's agency are at the root of, and directly responsible for the un-timeliness of Plaintiff's administrative claim.

Plaintiff contends that defendant has not been prejudiced in any way by Plaintiff's untimely filing of an administrative claim. However, Plaintiff's prejudice by defendant's unlawful refusal to produce requested records is self-evident.

## IV. THE INTENT OF CONGRESS THWARTED AS A MATTER OF POLICY

Based upon the language of the regulation itself, and upon repeated agency actions of Internal Revenue Service demonstrating disregard of governing statutes,

regulations, and Service policies, Plaintiff contends that the administrative "remedies" purportedly provided for - as implemented by regulation - are at best unavailable, and at worst, wholly inadequate. As shown in Title 26 of the Code of Federal Regulations, IRS failed to prescribe the administrative procedure necessary to give effect to section 7433, as originally added, for over three years after Congress enacted TBOR I.

Treasury Decision 8392, 57 FR 3536, necessary from and after November 10, 1988, was not promulgated until January 30, 1992, and might not have been effective until February 18, 1992.

In respect of Congress' removal of the jurisdictional prohibition in TBOR II, it appears that IRS failed to amend the regulation to reflect Congress' intent at all.

It is clear, however, that the current regulation, as amended by T.D. 9050, 68 FR 14320, was not promulgated until March 25, 2003, more than four years and nine months after Congress' re-amendment in TBOR III. This period of "unavailability" of administrative remedy provides the context in which the March 25, 2003 version of the regulation should be construed:

IRS, who is not a party to the instant action, and cannot be party to § 7433 actions, has nonetheless taken extraordinary steps towards thwarting the clear intent of Congress by rendering "administrative remedies" unavailable, inadequate, and futile.

To illustrate that the above history accurately reflects IRS intent, the Court's attention is respectfully directed to the IRS policy regarding return of amounts unlawfully collected:

Internal Revenue Service Policy P-5-36, published in the Internal Revenue Manual, at 1.2.1.5.9, is to refrain from returning amounts unlawfully collected.

P-5-36 states:

"(1)   Returning money wrongfully collected: This Policy Statement has been revoked."

Thus, defendant provides a party admission that amounts the IRS has collected unlawfully, simply will not be returned.

Clearly, the Policy of defendant's agency is in direct conflict with the intent of Congress regarding exhaustion §7433's "exclusive remedy". The administrative remedy of filing a claim to recover unlawfully collected amounts is unavailable, inadequate, and futile owing to the fact the Service Policy on such matters has been revoked.

## V.   THE REGULATION FRUSTRATES CONGRESS' INTENT

TBOR I, TBOR II, and RRA '98 are clear and convincing testaments of Congress' awareness that IRS cannot be trusted to administer the tax code without supervision.

Indeed, in the words of former Deputy Assistant Secretary of Treasury Bradford DeLong, now a Professor at Berkeley,

"The IRS's comparative advantage is using random terror to elicit voluntary compliance with the tax code...".

Congress intended that Citizens harmed by IRS' legendary disregard of governing statutes and regulations have an avenue to be made whole under § 7433, albeit with administrative review. Yet counsel "reads into" 7433 language that Congress has specifically excluded from TBOR III. No longer is administrative remedy required to be "prior" to filing a suit. Once again, the key is availability of the administrative remedy. Availability can be likened to adequacy. As a matter of broad administrative law, if administrative remedy is inadequate, it need not be pursued.

The Supreme Court, in Morton v. Ruiz, 415 U.S. 199 (1974) opined, at 235:

Where the rights of individuals are affected, it is incumbent upon agencies to follow their own procedures. This is so even where the internal procedures are possibly more rigorous than otherwise would be required. Service v. Dulles, 354U.S. 363, 388 (1957); Vitarelli v. Seaton, 359 U.S. 535, 539-540 (1959).

As established in the Code of Federal Regulations, IRS refused to even establish procedures for four years after the right to bring an action was granted by Congress, and currently imposes a prohibitive provision omitted by Congress. Administrative remedy, purportedly available in form, is unavailable in substance.

As stated by the Morton Court supra: The agency power to make rules that affect substantial individual rights and obligations carries with it the responsibility not only to remain consistent with the governing legislation, FMC v. Seatrain Lines, Inc., 411 U.S. 726 (1973); Dixon v. United States,381 U.S. 68, 74 (1965); Brannan v. Stark, 342 U.S. 451 (1952), but also to employ procedures that conform to the law. See NLRB v. Wyman-Gordon Co., 394 U.S. 759,764 (1969) (plurality opinion). Lack of specific attention to the statutory authorization is especially important in light of the Supreme Court's pronouncement in Skidmore v. Swift& Co., 323 U.S. 134, 140 (1944), quoted in Adamo Wrecking Co. v. United States, 434U.S. 275, 287 n. 5 (1978), and cited in SEC v. Sloan, 436 U.S. 103 (1978), specifying that factors to be considered in giving weight to an administrative ruling include "the thoroughness evident in its consideration, the validity of its reasoning, its consistency with earlier and later pronouncements, and all those factors which give it power to persuade, if lacking power to control." SEC v. Sloan, 436 U.S. 103, 117-118.

The regulation itself is the best evidence of "Lack of specific attention to the statutory authorization" (Skidmore) and failure of "thoroughness...in its consideration" (Sloan).  In 301.7433-1's subsection (a), paragraph (1), "reckless or intentional actions" is changed; one must have "...damages sustained as a proximate result of the reckless or inter*national* actions..." (emphasis added).  To the extent that Treasury Decision 9050 "re-imposes" the more restrictive language of TBOR I, the regulation exceeds the authority of 7433 in its current form. To the extent that Treasury Decision 9050 re-imposes the prohibition of TBOR I, the regulation fails to remain consistent with the governing legislation; and fails "all those factors which give it power to persuade."

Reviewing courts are not obliged to stand aside and rubber-stamp their affirmance of administrative decisions that they deem inconsistent with a statutory mandate or that frustrate the congressional policy underlying a statute. Such review is always properly within the judicial province, and courts would abdicate their responsibility if they did not fully review such administrative decisions.  National Labor Relations Board v. Brown, 380 U.S. 278, 291-292.

## QUESTION PRESENTED

Is defendant, with the active assistance of counsel, "reading into" §7433 language that Congress had included in TBOR I, but omitted from TBOR III?

## DISCUSSION

TBOR I (1988) expressly withheld jurisdiction in the absence of a prior exhaustion of administrative remedies.  TBOR II (1996) specifically removed that prior exhaustion requirement, providing for mitigation of damages in the absence of exhaustion.  TBOR III (1998, in P.L. 105-206, §§ 3000, 3102) specified only that "A judgment for damages

shall not be awarded under subsection (b) unless *the court determines* that the plaintiff has exhausted the administrative remedies *available* to such plaintiff within the Internal Revenue Service." 26 USC § 7433 (d). Emphasis added

Clearly, defendant's insistence that administrative remedies must be exhausted "prior to" commencement of a civil action relies upon language removed by Congress in 1996; no such "prior exhaustion" language is found in §7433's current incarnation.

The history, i.e., the evolution of Congress' language, shows that Congress, in proscribing a damages award - in the absence of the Court's own satisfaction with respect to administrative exhaustion - and without reinstating TBOR I's express proscription - left the issue to the court's discretion.

## VII.   SUMMARY

Plaintiff has stated grounds in her complaint to put defendants on notice as to the nature of his claim sufficient to withstand defendant's motion to dismiss.

Plaintiff's complaint clearly survives Counsel's groundless "exhaustion" argument.

Defendant's motion to dismiss relies upon an intentional misrepresentation of the statute and regulation under which the instant action is brought. Counsel's failed arguments as to the already settled issue of subject matter jurisdiction are unavailing. Clearly, the Court has subject matter jurisdiction over the instant action.

Moreover, as evidenced by the aforementioned discussion regarding the current incarnation of section 7433, the Court has the power to exercise its discretion in determining whether this Plaintiff has exhausted *available* administrative remedies.

// //

// //

## CONCLUSION

## THE COURT RETAINS ITS JURISDICTION

Plaintiff, having exhausted administrative remedies within the purview of 26 U.S.C. §7433-1, to the extent such remedies were made available by defendant's agency, has established that this Court has jurisdiction over the instant matter.

Defendant's motion to dismiss, having failed on all grounds, introducing material outside the complaint, and deliberately misrepresenting the statute and regulation under which the case at bar is brought, should be denied in its entirety.

Dated: December 7, 2006                Respectfully submitted,

*[signature]*
Rebekah H. Miller
c/o 77 Mulberry Court
Arden, North Carolina


## CERTIFICATE OF SERVICE

I certify that a true, correct, and complete copy of the foregoing RESPONSE TO ORDER TO SHOW CAUSE was served upon Counsel for defendant on the 7th day of December, 2006, by USPS, addressed as follows:

Jennifer L. Vozne
U.S. Dept. of Justice
P.O. Box 227
Washington, D.C.  20044

Date: December 7, 2006    *[signature]*
Rebekah H. Miller