IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBEKAH H. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06cv01250 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**UNITED STATES' REPLY TO PLAINTIFF'S RESPONSE
TO DECEMBER 1, 2006 ORDER TO SHOW CAUSE**

This is a civil action in which plaintiff alleges that, beginning with tax year 1999, the Internal Revenue Service (IRS) disregarded various provisions of the Internal Revenue Code. Plaintiff seeks damages for alleged "wrongful collection" of federal taxes, "replevin of any and all property," and an order "enjoining defendants' principals, officers, agents, and/or employees from further acting in disregard of law or regulation."

STATEMENT

The United States moved to dismiss the action because, in part, plaintiff failed to file an administrative claim for damages. Plaintiff filed an opposition asserting that she filed an administrative claim 12 days after filing her complaint. On December 1, 2006, the Court ordered plaintiff to show cause why the United States' motion to dismiss should be not granted as conceded. In her response to the order to show cause, plaintiff alternates between asserting that the regulation is invalid or inadequate and that she

has exhausted all administrative remedies <u>available</u> to her.

### A.     The Regulation Is Valid.

Plaintiff alleges that 26 C.F.R. § 301.7433-1 "is an unreasonable interpretation of the current statutory provision; exceeds the authority of the current statutory provision by impermissibly extending the operation of the exhaustion requirement; and, by frustrating Congress' intent in creating, and amending." (Pl. Resp. at 2.) Plaintiff's claim of regulatory invalidity fails. *Chevron* provides the analytical framework for considering the validity of this regulation. *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 476 U.S. 837 (1984). Regulations issued by an agency to interpret the application of a statute are entitled to deference as long as the regulations implement the statute in some reasonable manner. *Id.* at 843-45. The standard of validity is not whether the agency's construction is the *only* permissible reading, or even the "best" among permissible readings, or whether the regulation reaches a result that the court would have reached if the issue had first been presented in a judicial proceeding. *See id.* at 843, n.11; *Nichols v. United States*, 260 F.3d 637, 644 (6th Cir. 2001). Rather, if the challenged regulation represents a reasonable policy choice within an area intentionally or inadvertently left open by Congress, the regulation should be upheld. *Chevron*, 467 U.S. at 865-866; *see also Nat'l Cable & Telecommunications Ass'n v. Brand X Internet Services*, 125 S.Ct. 2688, 2699 (2005).

Under *Chevron*'s two-step procedure, the first inquiry is whether the statute directly and conclusively addresses the precise question at issue. If the statute does not

provide the answer, being either silent or ambiguous, the next step mandates upholding the agency's interpretation as long as the agency's construction "is a reasonable policy choice for the agency to make." *Chevron*, 467 U.S. at 845. Congress explicitly directed the Secretary of the Treasury to issue "all needful rules and regulations" for the enforcement of the Internal Revenue Code. 26 U.S.C. § 7805(a). It is well settled that a court should ordinarily defer to the regulation if it implements the congressional mandate in some reasonable manner. *National Muffler Dealers Ass'n v. United States*, 440 U.S. 472, 476 (1979) (quoting *United States v. Correll*, 389 U.S. 299, 307 (1967)); *Boulez v. Comm'r*, 810 F.2d 209 (1987); *Debt Buyers Ass'n v. Snow*, 2006 WL 598143, * 9 (D.D.C. 2006) (Kollar-Kotelly). To determine whether the regulation carries out the congressional mandate in a reasonable manner, courts look to see whether the regulation harmonizes with the plain language of the statue, its origin, and its purpose. *National Muffler Dealers Ass'n*, 440 U.S. at 477.

    The requirement that a party must exhaust administrative remedies prior to filing suit was contained in the first Taxpayer Bill of Rights (TBOR I). After publication of the original Treasury regulations under section 7433, courts determined that section 7433(d) was a jurisdictional bar to an action in court absent exhaustion of administrative remedies. *See, e.g., Venen v. United States*, 38 F.3d 100 (3d Cir. 1994). In 1996, Congress enacted TBOR II, which amended section 7433(d) to provide that failure to exhaust administrative remedies was merely a factor that the court could use to reduce a judgment. Then, in 1998, Congress enacted TBOR III which reinstated, verbatim, the

language of TBOR I, which required exhaustion of administrative remedies prior to filing suit in district court. *See also* H.R. Rep. 105-364, pt. 1, at 59 (1997); S. Rep. 105-174, at 49 (1998).

The language in section 7433(d)(1), as well as the legislative history, makes clear that Congress intended the Service to create an administrative scheme to allow individuals the opportunity to seek an administrative resolution of claims for damages sustained from unauthorized collection action by the Government. The rules in 26 C.F.R. § 301.7433-1 fill in the gaps of the requirement that administrative remedies be exhausted. To the extent that these rules implement the intent of Congress in some reasonable fashion, which defendants contend they do, they will be held valid under the principles articulated in *Chevron*.

The regulation provides a straightforward and simple administrative procedure that allows individuals to seek an administrative resolution of claims under section 7433. Paragraph (a) of the regulation reiterates the statutory requirement that a taxpayer must file an administrative claim that meets the requirements set forth in paragraph (e) and wait for the required period of time under paragraph (d) prior to filing suit in district court. 26 C.F.R. § 301.7433-1(a). The requirements described in paragraph (e) provide the proper place to file the required administrative claim, as well as the information that must be included in the claim. 26 C.F.R. § 301.7433-1(e). Specifically, a taxpayer is required to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the

injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative.  26 C.F.R. § 301.7433-1(e).  Such information is simply basic information in order to provide the Service with adequate notice as to why a taxpayer asserts he/she is entitled to damages.  From this information, the Service may investigate a taxpayer's claims and make an informed determination.  By requiring a taxpayer to wait six months after filing an administrative claim before filing an action in district court, the IRS is provided time to gather evidence and consider, and perhaps settle, the claim before litigation.1/  Thus, the procedures described in the regulation are far from an unreasonable interpretation of Congress' mandate to create an administrative scheme to allow informal consideration of section 7433 claims prior to invoking judicial review.  The regulation is plainly valid.  *See Broward v. United States*, 2006 WL 1827733 *2-3 (D.D.C. 2006) (Kennedy) ("[T]he court finds that the regulations implementing § 7433's exhaustion provision are a valid exercise of the IRS's authority under the Internal Revenue Code.); *see also Evans v. United States*, 433 F.Supp.2d 17, 21-22 (D.D.C. 2006) (Bates, J.); *Turner v. United States*, 429 F.Supp.2d 149, 152 (D.D.C. 2006) (Bates, J.).

      B.      **Plaintiff Has Not Exhausted All Available Administrative Remedies**.

Plaintiff next blames the IRS for her failure to exhaust administrative remedies prior to filing suit.  (Pl. Resp. at 3.)  Plaintiff asserts that she requested documents from

---

1/ The section also includes an exception.  If an administrative claim is filed within the last six months of the two year period of limitations, the taxpayer may file an action in court immediately after filing his administrative claim.

the IRS more than 230 days ago and has not yet received those documents. (Id.) She claims that because the IRS did not provide those documents, she was unable to file a timely administrative claim. (Id.) Even though section 7433 does not contemplate exceptions to the requirement to exhaust administrative remedies, *see Evans v. United States*, 433 F.Supp.2d 17, 20-21 (D.D.C. 2006) (Bates, J.); *Masterson v. United States*, 2006 WL 1102802 * 2 (D.D.C. 2006) (Bates, J.), she asks the Court to recognize an exception for her. Assuming *arguendo* that the Court could provide an exception, plaintiff fails to provide facts to support such a finding. Plaintiff's argument is belied by the fact that she asserts she filed an administrative claim for refund after filing the present action even though she has still not received a response to her request for documents. Further, none of the information required under the regulation originates with the IRS or is only in the possession of the IRS.2/ Plaintiff simply failed to file an administrative claim prior to filing suit. Because of this failure, this complaint should be dismissed.

## CONCLUSION

Because plaintiff failed to file an administrative claim for damages prior to filing suit, plaintiff's complaint should be dismissed.

//

//

---

2/ The regulation requires a taxpayer to provide (1) his/her name and current contact information; (2) grounds, in reasonable detail, for the claim; (3) description of the injuries incurred; (4) dollar amount of the claim; and (5) his/her signature or the signature of a duly authorized representative. 26 C.F.R. § 301.7433-1(e).

DATE: December 20, 2006.          Respectfully submitted,

                                                              /s/ Jennifer L. Vozne
                                              JENNIFER L. VOZNE
                                              Trial Attorney, Tax Division
                                              U.S. Department of Justice
                                              Post Office Box 227
                                              Washington, DC  20044
                                              Phone/Fax:  (202) 307-6555/514-6866
                                              Email: Jennifer.L.Vozne@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney