**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| REBEKAH H. MILLER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1250 |
| | : | | |
| v. | : | | |
| | : | Document No: | 4 |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM OPINION**

**GRANTING THE DEFENDANT'S MOTION TO DISMISS**

## I.    INTRODUCTION

This matter comes before the court on the defendant's motion to dismiss the plaintiff's claims.  *Pro se* plaintiff Rebekah H. Miller brings this complaint against the United States pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"), alleging that employees of the Internal Revenue Service ("IRS") intentionally disregarded or otherwise violated provisions of the TBOR and its corresponding regulations.  The defendant moves to dismiss, claiming that the court lacks jurisdiction over the plaintiff's claims because she failed to exhaust administrative remedies.  Because the plaintiff failed to exhaust administrative remedies, the court grants the defendant's motion to dismiss.

## II.    BACKGROUND

The plaintiff alleges that "beginning with 'tax year' 1999, through and including the present year, through principals, officers, agents, and/or employees of the Internal Revenue Service," the defendant committed 18 violations of the Internal Revenue Code ("IRC").[1]  Compl. at 6-12.

---

[1]    Specifically, the plaintiff alleges the following violations: (1) 26 C.F.R. § 601.702(c), failing to timely answer the plaintiff's correspondence; (2) 26 U.S.C. § 6103(e), refusing to disclose to the plaintiff her income tax return information; (3) 26 U.S.C. § 6103(a), disclosing confidential income tax return information unauthorized persons; (4) 26 U.S.C. § 6201(a), failing to make any assessments of taxes and penalties whatsoever for any of the years plaintiff allegedly owes; (5) 26 U.S.C. § 6202, failing to make an assessment of the taxes and penalties for any of the years the plaintiff allegedly owes within the time and mode set forth by the secretary; (6) 26 U.S.C. § 6501(a), neglecting to assess taxes allegedly owed within three years; (7) 26 U.S.C. § 6203, failing to record an assessment of the taxes and penalties, whatsoever, for any of the years the plaintiff allegedly owes; (8) 26 U.S.C. § 6203, failing to furnish to the plaintiff copies of the records of assessment (forms 23C) of taxes and penalties; (9) 26 U.S.C. § 7214(a), attempting to collect sums greater than appear on [the non-existing] records of assessment of taxes and penalties of any of the years; (10) 26 U.S.C. § 6402, failing to return all unlawfully collected taxes to the plaintiff upon written request; (11) 26 U.S.C. § 6212, failing to send the plaintiff a statutory notice of deficiency; (12) 26 U.S.C. § 6321, filing an invalid and unlawful Notice of Federal Tax Lien against the plaintiff; (13) 26 U.S.C. § 6325, failing to release the lien when it became obvious that the lien was invalid; (14) 26 U.S.C. § 6404(g), failing to suspend interest and penalties; (15) 26 U.S.C. § 6751(a), failing to include the name of all penalties, the Code section authorizing all penalties, and an actual computation of all penalties for each imposed penalty; (16) 26 U.S.C. § 6751(b)(1), failing to verify supervisory approval for each initial penalty determination; (17) 26 U.S.C. § 7491 (c), refusing to produce evidence with respect to the imposition of each penalty and additions; and (18) 26 U.S.C. § 6331(a), failing to send plaintiff a 10-day demand for payment before issuing a levy for each of the years.  Compl. at 6-12.

As a remedy, the plaintiff seeks damages equal to $10,000 per violation for a total of

$180,000.  *Id*. at 24-25.  Additionally, the plaintiff seeks a return of any and all property

improperly taken, or alternatively, compensation at current fair market value, an injunction

enjoining the defendant from further action in disregard of law or regulation, as well as other and

further damages as this court deems just and proper.  *Id*. at 25.

On July 10, 2006, the plaintiff filed suit against the defendant for violating the Internal

Revenue Code.  Thereafter, on July 22, 2006, the plaintiff submitted an administrative claim in

writing to an IRS Area Director pursuant to 26 C.F.R. § 301.7433-1.  The defendant thereafter

filed a motion to dismiss, to which the court now turns.

### III.    ANALYSIS

### A.    The Court Grants the Defendants' Motion to Dismiss

The defendant filed a motion to dismiss the plaintiff's claims arguing that the plaintiff

failed to exhaust administrative remedies.  Def.'s Mot. to Dismiss at 3-4.  Though the defendant

asks the court to analyze administrative exhaustion under Federal Rule of Civil Procedure

12(b)(1) (*i.e.*, that it deprives the court of subject-matter jurisdiction), the court analyzes the

failure to exhaust administrative remedies under Federal Rule of Civil Procedure 12(b)(6).

*Arbaugh v. Y&H Corp.*, 126 S. Ct. 1235, 1245 (2006) (concluding that a statutory requirement

should be treated as "an element of a plaintiff's claim for relief, not a jurisdictional issue" if

"Congress [did] not rank [the] statutory limitation on coverage as jurisdictional"); s*ee also Evans*

*v. United States*, 433 F. Supp. 2d 17, 20 (D.D.C. 2006) (determining that failure to comply with

the § 7433 administrative exhaustion requirement "is more properly analyzed as a failure to state

a claim under Fed. R. Civ. P. 12(b)(6)"); *see also Turner v. United States*, 429 F. Supp. 2d 149,

154 (D.D.C. 2006) (relying on *Arbaugh* and concluding that "the exhaustion requirement of

section 7433(d)(1) is nonjurisdictional").

### B.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint.  *Browning v.*

*Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint need only set forth a short and plain

statement of the claim, giving the defendant fair notice of the claim and the grounds upon which

it rests.  *Kingman Park Civic Ass'n v. Williams*, 348 F.3d 1033, 1040 (D.C. Cir. 2003) (citing

FED. R. CIV. P. 8(a)(2) and *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  "Such simplified notice

pleading is made possible by the liberal opportunity for discovery and the other pre-trial

procedures established by the Rules to disclose more precisely the basis of both claim and

defense to define more narrowly the disputed facts and issues."  *Conley*, 355 U.S. at 47-48

(internal quotation marks omitted).  It is not necessary for the plaintiff to plead all elements of his

prima facie case in the complaint, *Swierkiewicz v. Sonoma N.A.*, 534 U.S. 506, 511-14 (2002), or

"plead law or match facts to every element of a legal theory," *Krieger v. Fadely*, 211 F.3d 134,

136 (D.C. Cir. 2000) (internal quotation marks and citation omitted).

4

Accordingly, "the accepted rule in every type of case" is that a court should not dismiss a complaint for failure to state a claim unless the defendant can show beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *Warren v. Dist. of Columbia*, 353 F.3d 36, 37 (D.C. Cir. 2004); *Kingman Park*, 348 F.3d at 1040. Thus, in resolving a Rule 12(b)(6) motion, the court must treat the complaint's factual allegations – including mixed questions of law and fact – as true and draw all reasonable inferences therefrom in the plaintiff's favor. *Macharia v. United States*, 334 F.3d 61, 64, 67 (D.C. Cir. 2003); *Holy Land Found. for Relief & Dev. v. Ashcroft*, 333 F.3d 156, 165 (D.C. Cir. 2003); *Browning*, 292 F.3d at 242. While many well-pleaded complaints are conclusory, the court need not accept as true inferences unsupported by facts set out in the complaint or legal conclusions cast as factual allegations. *Warren*, 353 F.3d at 39; *Browning*, 292 F.3d at 242.

## C. The Plaintiff Failed to Exhaust Administrative Remedies

Under § 7433 of the IRC, "a judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the Internal Revenue Service." 26 U.S.C. § 7433(d)(1). In establishing what constitutes the exhaustion of administrative remedies, the Secretary of the Treasury has promulgated regulations which require aggrieved taxpayers to submit an administrative claim in writing to the IRS Area Director in which the taxpayer currently resides. 26 C.F.R. § 301-7433-1(e). This administrative claim must include, among other things, the basic contact information

5

of the claimant, a detailed explanation of the grounds for the claim and purported injuries. *Id.*

Before bringing suit in federal district court, taxpayers must wait either until six months have

elapsed since the filing date of the claim or until a decision is rendered on the claim. 26 C.F.R. §

7433-1(d)(1).

 The defendant argues that the plaintiff failed to exhaust her administrative remedies.

Def.'s Mot. to Dismiss at 1. Indeed, "[e]xhaustion of administrative remedies is an

indispensable prerequisite to filing suit in this Court." *Stewart v. United States*, 2006 U.S.

Dist. LEXIS 36543, at *3 (D.D.C. June 6, 2006).

 On July 22, 2006, the plaintiff submitted an administrative claim to the IRS. Pl.'s

Resp. to Def.'s Mot. to Dismiss Ex. A. Two weeks prior, the plaintiff filed suit in federal

district court. Therefore, her lawsuit predated both a decision on the administrative claim

and the expiration of the statutorily required six-month waiting period. By filing suit

before submitting the administrative claim, the plaintiff failed to exhaust her administrative

remedies, effectively denying the IRS any opportunity to administratively remedy the

situation. Accordingly, the plaintiff failed to satisfy the "indispensable prerequisite" of

exhaustion of her administrative remedies.

 Nevertheless, the plaintiff defends her inaction by stating that she would have filed

the administrative claim in May of 2006 but was delayed by the defendant's refusal to

timely honor her Freedom of Information Act ("FOIA") request for assessments which she

would have used as exhibits in the administrative claim.  Pl.'s Resp. to Mot. to Dismiss at 1.  The court rejects the plaintiff's rationalization for two reasons.  First, the plaintiff was entitled to seek judicial review regarding her FOIA case if the defendant failed to respond to the plaintiff's FOIA request within 20 days as required by 5 U.S.C. § 552(a)(6)(C). *Flowers v. IRS*,  307 F. Supp. 2d 60, 66-67 (D.D.C. 2004).  The fact that the plaintiff did not seek judicial relief for her FOIA request does not relieve her of her obligation to file the administrative claim with the IRS.  *Id.*  Second, even if the court were to accept the plaintiff's contention that she would have filed the administrative claim in May 2006 if the defendant had complied with her FOIA request, the plaintiff's federal claim would still have been prematurely filed.  Section 7433-1(d)(1) and its implementing regulations establish clear guidelines for exhausting administrative remedies which the plaintiff has categorically failed to follow.  Under the applicable regulations, the plaintiff must wait six months after submitting her administrative claim before she can file suit in federal court. 26 C.F.R. 301.7433-1(d)(1).  If she had, in fact, submitted her administrative claim to the IRS in May 2006, the plaintiff would not have been able to bring this suit in federal court any earlier than November 2006.  Instead, she filed this suit in July 2006, a mere two months after she would have submitted the administrative claim.  Compl. at 1.

In the alternative, the plaintiff asks the court to excuse her failure to exhaust because the IRS has "articulated a very clear position on the issue which it has demonstrated it would be

7

unwilling to reconsider." Compl. at 4 (citing *Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 105 (D.C. Cir. 1986)). The statute, however, "require[s] that administrative remedies be exhausted." § 7433(d)(1). The statute is unambiguous in stating that a "judgment for damages shall not be awarded . . . unless the court determines that the plaintiff has exhausted the administrative remedies available to such plaintiff within the [IRS]." *Id*. Because the statute explicitly mandates exhaustion, the court is not permitted to make an exception for the plaintiff. *Avocados Plus, Inc. v. Veneman,* 370 F.3d 1243, 1247-48 (D.C. Cir. 2004) (stating that "[i]f [a] statute does mandate exhaustion, a court cannot excuse it") (citing *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 13 (2000)).

The plaintiff relies on *Randolph-Sheppard Vendors of America v. Weinberger* to support her assertion that she is entitled to an exception to the exhaustion requirement. That case, however, dealt with the Randolph-Sheppard Act, 20 U.S.C. §§ 107-107f, which includes an optional arbitration process to address grievances but does not contain an explicit provision that requires the exhaustion of administrative remedies. 795 F.2d at 101-103. The present case is controlled by *Avocados Plus v. Veneman*, wherein the court specifically addressed the issue of statutory requirements for the exhaustion of administrative remedies. 370 F.3d at 1247.

Because nothing in the statute or its implementing regulation supports an exception, this court is "unauthorized to carve out an exception unsupported by the statutory text." *Cain v. United States*, 2006 U.S. Dist. LEXIS 49480, at *5 (D.D.C. July 10, 2006); *see also McCarthy v.*

*Madigan,* 503 U.S. 140, 144  (1992) (stating that "[w]here Congress specifically mandates,

exhaustion is required").  Accordingly, the court rejects the plaintiff's argument that she was not

required to exhaust administrative remedies.


### IV.    CONCLUSION

For the foregoing reasons, the court grants the defendant's motion to dismiss.  An order

consistent with this Memorandum Opinion is separately and contemporaneously issued this 19th

day of July, 2007.


RICARDO M. URBINA
United States District Judge