IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| REBEKAH H. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:06cv01250 (RMU) |
| ) | |
| UNITED STATES, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RELIEF FROM ORDER OF DISMISSAL
UNDER FED.R.CIV.P. 60(b)(3) & (6)**

This is a civil action in which plaintiff alleges that the Internal Revenue Service disregarded various provisions of the Internal Revenue Code. Plaintiff sought damages for alleged "wrongful collection."

STATEMENT & DISCUSSION

1. <u>Background</u>. Plaintiff, Rebekah H. Miller, filed a complaint for damages and other relief on July 10, 2006. (PACER #1.) The United States moved to dismiss the complaint on September 18, 2006. (PACER #4.) On July 19, 2007, the Court dismissed the complaint, and the Clerk entered the order of dismissal on the same day. (*See* PACER #9 & 10.)

2. <u>Plaintiff's rule 60 motion</u>. On July 30, 2007, plaintiff filed a motion for "relief from the Order of July 19, 2007, dismissing the above-captioned action on the basis that said Order was obtained by means specified in Fed.R.Civ.P.60(b)(3) and (6)." (Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 1.) The

motion, thus, seeks to vacate the Court's order of dismissal issued and entered on July 10, 2006. (*Id*. at 1.)

    3. <u>Plaintiff's rule 60(b)(3) motion is baseless</u>. The standard for relief under rule 60(b)(3) is exacting: plaintiff must prove "by clear and convincing evidence some sort of fraud, misrepresentation or other misconduct." *Martin v. Howard Univ.*, 2000 WL 2850656, *3 (D.D.C. 2000), and must demonstrate "actual prejudice" resulting from the misconduct, misrepresentation or fraud." *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004).

Plaintiff presents four arguments in support of her motion for reconsideration. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 4, 5, 6 &13.)1/ None specifies whether it is in support of rule 60(b)(3) or (6). But it appears that only one alleges misconduct, misrepresentation or fraud, *i.e.*, whether the United States misrepresented the Court's subject-matter jurisdiction. (*See, id.* at 2.)

The United States' position that a failure to exhaust administrative remedies deprives this Court of subject-matter jurisdiction under the principle of sovereign

---

    1/ These legal arguments are: 1) did the United States misrepresent the status of the Court's subject matter jurisdiction (p. 2); 2) was dismissal for failure to state a claim premature under the notice pleading regime of the federal courts (p.2); 3) did the general allegations in the complaint establish a presumption of unlawful activity (p.5); 4) did the Internal Revenue Service make any remedy available (p.6); and 4) exhaustion of remedies is futile (p.13).

immunity is supported by caselaw in this jurisdiction, although the United States is aware that there is now a split of authority in this Court on this issue. In addition, because this Court explicitly declined to dismiss plaintiff's complaint on the ground of subject-matter jurisdiction, plaintiff cannot demonstrate "actual prejudice" as required by rule 60(b)(3).

    4. <u>Plaintiff's rule 60(b)(6) motion is baseless</u>. Relief under Fed.R.Civ.P. 60(b)(6) should be only sparingly granted. *Computer Professionals for Social Responsibility v. Secret Service*, 72 F.3d 897, 903 (D.C. Cir. 1996). The rule applies only to extraordinary circumstances. *Id*. Nevertheless, when a party timely presents a previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust, reconsideration under rule 60(b) may be proper. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980).

    It is clear from plaintiff's papers that all four of her arguments are presentations of purely legal arguments. (*See* Pltf's. Mot. for Relief from Order of Dismissal Under Fed.R.Civ.P. 60(b)(3), (6) at 2, 6, 6 & 13.) A legal argument is not a "previously undisclosed fact so central to the litigation that it shows the initial judgment to have been manifestly unjust." *See Good Luck Nursing Home*, 636 F.2d at 577. These arguments, which plaintiff could have – and should have – made previously, do not constitute the "extraordinary circumstances" that would justify relief under rule 60(b)(6).

CONCLUSION

It is the position of the United States that plaintiff's motion under Fed.R.Civ.P. 60(b)(3) & (6) should be denied.

DATE:   August 2, 2007.

                                      Respectfully submitted,

                                      /s/ Pat S. Genis
                                      PAT S. GENIS, #446244
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Post Office Box 227
                                      Washington, DC  20044
                                      Telephone/FAX:  (202) 307-6390/614-6866
                                      Email: pat.genis@usdoj.gov

OF COUNSEL:

JEFFREY A. TAYLOR
United States Attorney

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF FROM ORDER OF DISMISSAL UNDER FED.R.CIV.P. 60(b)(3) & (6) was served upon plaintiff on August 2, 2007 by depositing a copy in the United States' mail, postage prepaid, addressed as follows:

> REBEKAH H. MILLER
> Plaintiff *Pro Se*
> 77 Mulberry Court
> Arden, NC 28704

/s/ Pat S. Genis
PAT S. GENIS #446244