UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | | |
|---|---|---|---|
| REBEKAH MILLER, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 06-1250 (RMU) |
| | : | | |
| v. | : | Document No.: | 14 |
| | : | | |
| UNITED STATES, | : | | |
| | : | | |
| Defendant. | : | | |

**MEMORANDUM ORDER**

**DENYING THE PLAINTIFF'S MOTION FOR RECONSIDERATION**

**I.  INTRODUCTION**

Today the court examines a motion for reconsideration, the insubstantiality of which confirms Justice Holmes's axiom that "lawyers spend a great deal of their time shoveling smoke." *Pro se* plaintiff Rebekah H. Miller brings this complaint against the United States pursuant to the Taxpayer Bill of Rights, 26 U.S.C. § 7433 ("TBOR"), alleging that employees of the Internal Revenue Service ("IRS") intentionally disregarded or otherwise violated provisions of the TBOR and its corresponding regulations.  On July 19, 2007, the court granted the defendant's motion to dismiss the complaint, concluding that because the plaintiff did not exhaust administrative remedies she failed to state a claim.  On July 30, 2007, the plaintiff filed this motion for reconsideration, arguing that the defendant's briefing perpetrated a fraud on the court, that the court prematurely dismissed her complaint, that her complaint establishes a presumption of unlawful activity and that futility excused exhaustion of remedies.  The defendant observes that the plaintiff has produced nothing more than legal arguments that she could have and should have raised during briefing on the motion to dismiss.  But the defendant is only

partially correct. In addition to warmed-over legal disputations that fail to satisfy the criteria for reconsideration provided in Federal Rule of Civil Procedure 60(b), the plaintiff has produced a waste of judicial resources. Self-indulgent litigants who fog the courts with baseless claims slow the machinery of justice. The law compels only one disposition: motion denied.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff alleges that "beginning with 'tax year' 1999, through and including the present year, through principals, officers, agents, and/or employees of the Internal Revenue Service," the defendant committed 18 violations of the Internal Revenue Code ("IRC").[1] Compl. at 6-12.

On July 10, 2006, the plaintiff filed suit against the defendant for these violations. Thereafter, on July 22, 2006, the plaintiff submitted an administrative claim to an IRS Area Director pursuant to 26 C.F.R. § 301.7433-1. The defendant filed a motion to dismiss, which the court granted on July 19, 2007. The plaintiff then filed the motion for reconsideration presently under examination.

## III.  ANALYSIS

### A.  Legal Standard for Relief Under Federal Rule of Civil Procedure 60(b)

In its discretion, the court may relieve a party from an otherwise final judgment pursuant to any one of six reasons set forth in Rule 60(b). FED. R. CIV. P. 60(b); *Lepkowski v. Dep't of Treasury*, 804 F.2d 1310, 1311-12 (D.C. Cir. 1986). First, the court may grant relief from a

---

[1] The violations are itemized in the court's previous order. Order (July 19, 2007) at 2 n.1.

judgment involving "mistake, inadvertence, surprise, or excusable neglect." FED. R. CIV. P. 60(b). Such relief under Rule 60(b) turns on equitable factors, notably whether any neglect was excusable. *Pioneer Inv. Servs. Co. v. Brunswick Ass'n Ltd. P'ship*, 507 U.S. 380, 392 (1993). Second, the court may grant relief where there is "newly discovered evidence" that the moving party could not have discovered through its exercise of due diligence. FED. R. CIV. P. 60(b). Third, the court may set aside a final judgment for fraud, misrepresentation, or other misconduct by an adverse party. *Id.*; *Mayfair Extension, Inc. v. Magee*, 241 F.2d 453, 454 (D.C. Cir. 1957). Specifically, the movant must show that "such 'fraud' prevented him from fully and fairly presenting his case," and that "the fraud is attributable to the party or, at least, to counsel." *Richardson v. Nat'l R.R. Passenger Corp.*, 150 F.R.D. 1, 7 (D.D.C. 1993) (Sporkin, J.) (citations omitted). Fourth, the court may grant relief where the judgment is "void." FED. R. CIV. P. 60(b). A judgment may be void if the court lacked personal or subject-matter jurisdiction in the case, acted in a manner inconsistent with due process, or proceeded beyond the powers granted to it by law. *Eberhardt v. Integrated Design & Constr., Inc.,* 167 F.3d 861, 871 (4th Cir. 1999). Fifth, the court may grant relief if the "judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed . . . or it is no longer equitable that the judgment should have prospective application." FED. R. CIV. P. 60(b); *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1138 (D.C. Cir. 1988) (noting that not all judgments having continuing consequences are "prospective" for the purposes of Rule 60(b)). Sixth, the court may grant relief from a judgment for "any . . . reason justifying [such] relief." FED. R. CIV. P. 60(b). Using this final catch-all reason sparingly, courts apply it only in "extraordinary circumstances." *Pioneer Inv. Servs.*, 507 U.S. at 393.

A party proceeding under one of the first three reasons must file his Rule 60(b) motion within one year after the judgment at issue. FED. R. CIV. P. 60(b). A party relying on one of the remaining three reasons may file his Rule 60(b) motion within a reasonable time. *Id*. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *McCurry ex rel. Turner v. Adventist Health Sys./Sunbelt, Inc.*, 298 F.3d 586, 592 (6th Cir. 2002).

### B. The Plaintiff Demonstrates No Grounds for Reconsideration

In support of relief under Federal Rule of Civil Procedure 60(b)(3), the plaintiff argues that the defendant's briefing on its motion to dismiss misstated the law on the question of subject-matter jurisdiction. Pl.'s Mot. for Relief from Dismissal ("Pl.'s Mot. for Relief") at 2. The court, however, already noted this in its opinion dismissing the complaint, explaining that because exhaustion of remedies constitutes a prerequisite to a cause of action and not to subject-matter jurisdiction, the court would treat the defendant's Rule 12(b)(1) motion as a Rule 12(b)(6) motion. Mem. Op. (July 19, 2007) at 3. Considering that the court caught the error, corrected it and proceeded to dismiss the complaint following the appropriate procedural rubric, the plaintiff cannot show that the defendant's briefing perpetrated a fraud preventing her from fully and fairly presenting her case. *Richardson*, 150 F.R.D. at 7; *see Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1477 (D.C. Cir. 1995) (demanding demonstration of fraud by "clear and convincing evidence"); *Summers v. Howard Univ.*, 374 F.3d 1188, 1193 (D.C. Cir. 2004) (demanding demonstration of "actual prejudice").

In support of relief under Federal Rule of Civil Procedure 60(b)(6), the plaintiff first argues that the court, in derogation of the jury's fact-finding authority, prematurely dismissed her

complaint which, she asserts, satisfied the light demands of notice pleading. Pl.'s Mot. for Relief at 2. But this objection simply reflects the plaintiff's disagreement with the court's application of the pertinent legal standard for dismissal, not "extraordinary circumstances" providing "any . . . reason justifying relief." *Pioneer Inv. Servs.*, 507 U.S. at 393. The plaintiff next objects that her complaint contains "general allegations" establishing a presumption of unlawful activity. Pl.'s Mot. for Relief, at 5. This argument, however, rebuts a non-existent charge of inadequate factual pleading. It is orthogonal to the issues critical to granting relief: the presence of extraordinary circumstances and the posture of the court's prior opinion, which disposed of the complaint based on the failure to satisfy a prerequisite to suit.

As a last resort, the plaintiff argues that exhausting administrative remedies would have been futile because the defendant made no "substantive" remedies available. Pl.'s Mot. for Relief at 6. But the plaintiff has already raised this defense, and the court has already examined and dismissed it. *See* Mem. Op. (July 19, 2007) at 7-8 (holding that plaintiff's assertion that the IRS had "articulated a very clear position on the issue which it has demonstrated it would be unwilling to reconsider" did not excuse her failure to exhaust remedies). In any event, it (like the plaintiff's other points) raises a legal argument that the plaintiff could have and should have used during briefing on the motion to dismiss, not as stale grist for a motion for reconsideration. *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir. 1980). Absent "gross negligence" by a party's attorney, the courts are loathe to grant a mulligan. *Comty. Dental Servs. v. Tani*, 282 F.3d 1164, 1170 (9th Cir. 2002). Unsurprisingly, considering that the plaintiff represents herself, she avers no such malpractice. The court's judgment, therefore, remains final.

Accordingly, it is this 24th day of January, 2008, hereby

**ORDERED** that the plaintiff's motion for reconsideration is **DENIED**.

**SO ORDERED**.

                                        RICARDO M. URBINA
                                     United States District Judge